UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VOLKSWAGON OF AMERICA, INC.,

    Plaintiff,

v.

MHL TEK, LLC., ANIMATRONICS, INC.,
MCLAUGHLIN ELECTRONICS, INC.,
MICHAEL HANDFIELD, AND
HELEN LALIBERTE

    Defendants.
_____/

Case No. 07-14992

Hon. John Corbett O'Meara

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO TRANSFER**

    Before the court is Defendants' motion to transfer or dismiss, pursuant to the first to file doctrine, filed February 11, 2008.  Having received and reviewed all of the parties' submissions regarding this motion, as well as the entire record in this case, the Court concludes that oral argument is unnecessary and will rule on the papers in this matter.  Defendant's motion is granted.

**BACKGROUND FACTS**

    Defendant MHL Tek is a patent owner who last July filed a patent infringement lawsuit against Volkswagon of America (VW) and others in the Eastern District of Texas (the Texas Lawsuit).  Four months later on November 21, 2007, VW responded to the Texas Lawsuit with a motion to dismiss or transfer the case.[1]  On the same day, VW also filed this action against MHL, Animatronics, McLaughlin Electronics, Inc. (MEI), Michael Handfield, and Helen

---

[1] In the Texas Lawsuit, MHL alleges that U.S. Patents 5,663,496 (496 patent); 5,741,966 (966 patent); and 5,731, 516 (516 patent) were violated

Laliberte.[2]

The striking aspect of the Texas Lawsuit and this action is that they involve the same patents. In the Texas Lawsuit, MHL Tek alleges several foreign auto companies, including VW, violated its patents. In this action, the original complaint sought declaratory relief that VW does not infringe these patents and that the patents are invalid and unenforceable, as well as a state claim of unfair competition. An amended complaint added causes of action for defamation/trade dispargement, abuse of process, and violation of the Lanham Act. The state claims have since been dismissed.

## LAW AND ANALYSIS

The substance of Defendants' motion is the first-to-file rule. The rule encourages comity among federal courts of equal rank. Zide Sport Shop of Ohio, v. Tobergate Assoc., 16 Fed. Appx. 433, 437 (6th Cir. 2001). As such, when actions involving nearly identical parties and issues have filed in two different district courts, the first filing should generally proceed to judgment. Id.[3] Courts have identified three factors to consider in determining whether to invoke the first-to-file rule: "(1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake." Clear!Blue, LLC. v. Clear Blue, Inc., 521 F. Supp. 2d 612, 614-15 (E.D. Mich, November 7, 2007). Other special circumstances to consider include inequitable conduct, bad faith, anticipatory suits, forum shopping or significant policy considerations. Nartron Corp. v. Quantum Research Group, Ltd., 473 F.Supp. 790, 795 (E.D. Mich. 2007).

First, it is clear that the chronology of the actions favors granting Defendants' motion. The Texas Lawsuit was filed on July 13, 2007; this one on November 21, 2007. The parties do

---

[2]Handfield and Laliberte wholly own and operate MHL Tek and Animatronics, and are the named inventors of the patents at issue in this case.

[3]Judicial efficiency and conservation of resources justify the application of this rule. See Kahn v. General Motors, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (the court has discretion to use the first to file rule when equity demands; however, as a principle of sound judicial administration, the first to file rule should have priority unless there are special circumstances present.)

not debate this factor, nor should they.  Second is whether the parties are similar.  Plaintiff VW argues that this action involves different Defendants, such as Animatronics, MEI, Handfield, and Laliberte.  I disagree.  The parties are substantially similar since this lawsuit involves MHL Tek and MHL's owners.  The other two companies named in this lawsuit are affiliated with both the owners of MHL and the patents at issue in the Texas Lawsuit.  Defendants are interrelated, and for that reason are substantially similar.

The monumental issue is the third factor: the similarity of the issues at stake.  Both cases involve the three previously mentioned patents: the Texas Lawsuit claims the patents were violated; this lawsuit seeks a declaration that they were not violated, and that they are invalid.  The law is clear that the issues need not be identical, merely similar.  In this matter, the issues between the Texas Lawsuit and this matter are substantially similar.

The factors weigh in favor of granting Defendants their motion to dismiss or transfer.  However, special circumstances can override the initial analysis.   Plaintiff suggests that the Texas court does not have personal jurisdiction over Animatronics, MEI, Handfield, and Liliberte because they do not reside in Texas; therefore, this court should not transfer this matter to Texas.  However, Plaintiff's argument only mentions residence in Texas and fails to acknowledge the possibility that personal jurisdiction might exist based on a long arm statute or minimum contacts with the state of Texas.  Plaintiff also suggests that the Defendants are forum shopping.  However, this is a mere allegation with little substance behind it.  Plaintiff does not offer proof of forum shopping other than to reassert that none of the Defendants have a connection with the Eastern District of Texas.  Of course, as mentioned previously, that assertion merely states that the Defendants do not reside in the Eastern District of Texas with no mention that a long-arm or minimal contacts analysis could allow for personal jurisdiction in the Eastern District of Texas.

Finally, Plaintiff claims, as an alternative, that this court is the more convenient forum for this matter, pursuant to 28 U.S.C. § 1404(a).  In this instance, Plaintiff VW asks that this court

retain jurisdiction for the sake of convenience.[4] Plaintiff argues that almost all of the documentation, the parties, and the witnesses are here in Michigan. That said, the Texas court is further along this process, having issued docket and discovery orders. By keeping this matter in this court, this court would not only waste judicial resources but also risk inconsistent rulings on these patents. See Whistler Group v. PNI Corp., No. 03-1536-G, U.S. Dist. Lexis 21968 *14 (N.D. Tex. 2003) ("By permitting two different courts to interpret the same patent claims, there is a heightened risk of inconsistent rulings . . . . This untenable prospect favors resolving related patent cases in the same forum whenever possible, even if the convenience of the parties and witnesses calls for a different result.") Although the first-to-file rule is not a rigid doctrine and the court should not ignore convenience, comity between courts in substantially similar patent or trademark cases should override concerns for convenience. See NCR Corp. v. First Financial Computer Services, 492 F.Supp. 2d 864, 868 (S.D. Ohio 2007).

## ORDER

Accordingly, IT IS HEREBY ORDERED that Defendants' motion to transfer is GRANTED.

s/John Corbett O'Meara<br>
United States District Judge

Date: June 30, 2008

---

[4]Factors that are considered in a convenience 1404(a) convenience analysis include: convenience of the parties and witnesses; the location of documents and the relative ease of access to sources of proof; the locus of the operative facts; availability of process to compel attendance of witnesses; the forum's familiarity with the governing law; the weight accorded to the plaintiff's choice of forum; trial efficiency; and the interests of justice. See Daimler Chrysler Motors v. Vin Devers, Inc., No. 06-12373, 2007 U.S. Dist. Lexis 4229 at *14 (E.D. Mich, Jan. 19, 2007).

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 30, 2008, by electronic and/or ordinary mail.

                s/William Barkholz
                Case Manager